157 Cal.App.3d 340 (1984)
203 Cal. Rptr. 623
Estate of RAY C. GODDARD, Deceased.
CALIFORNIA FIRST BANK, as Trustee, etc., Petitioner and Appellant,
v.
BETTY ELIZABETH CULP et al., Claimants and Respondents; THE SUPERIOR COURT OF SAN DIEGO COUNTY, Objector and Respondent.
Docket No. 28960.
Court of Appeals of California, Fourth District, Division One.
June 19, 1984.
*341 COUNSEL
Robert R. Bottomley, Gregory D. Roper and Luce, Forward, Hamilton & Scripps for Petitioner and Appellant.
Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody, Chief Deputy County Counsel, and Nathan C. Northup, Deputy County Counsel, for Objector and Respondent.
No appearance for Claimants and Respondents.
OPINION
BUTLER, J.
California First Bank as trustee of a testamentary trust appeals an order continuing the court's jurisdiction over the trust and requiring the bank to submit an accounting every three years. We conclude the bank as trustee is not subject to continuing court jurisdiction under the 1983 amendment to Probate Code[1] section 1120 as the trust does not so provide, and reverse.

I
Ray C. Goddard died testate February 26, 1951. His will was admitted to probate and assets were distributed to a testamentary trust with the bank's predecessor as trustee for the benefit of his wife and surviving children. The bank filed nine triannual accountings showing amounts paid to itself as trustee fees. In each instance, the amounts paid were within court guidelines and the compensation was always approved by the court.

II
(1) Section 1120 was amended by adding subdivision (a) effective January 1, 1983: "A trust created by a will is not subject to the continuing *342 jurisdiction of the superior court, unless the testator provides otherwise. Article 2 (commencing with Section 1138) shall be applicable to the trust to the extent that the will or article does not provide otherwise." The bank filed its ninth account and report February 17, 1983, and asked for an instruction the testamentary trust was no longer subject to the continuing jurisdiction of the court under newly enacted section 1120, subdivision (a). The only provision in the trust suggesting need for continuing court jurisdiction is paragraph F: "The Trustee shall receive reasonable compensation to be fixed by the Court for its services." The parties agree this appeal requires we determine whether paragraph F triggers the phrase "unless the testator provides otherwise" causing the testamentary trust to be subject to the continuing jurisdiction of the superior court.

III
When Goddard executed his will in 1951 and assets were distributed to the testamentary trust that same year, the superior court was vested with continuing jurisdiction to supervise the administration of the trust and to adjudicate all controversies between the trustee and the beneficiaries (Estate of Howard (1976) 58 Cal. App.3d 250, 257 [129 Cal. Rptr. 836]; Estate of Cox (1970) 8 Cal. App.3d 168, 180 [87 Cal. Rptr. 55].) Probate Code section 1120 (Stats. 1931, ch. 281, p. 659) as then effective provided in pertinent part: "When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, of settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth. Any trustee appointed by will, or appointed to execute a trust created by will, may, from time to time pending the execution of his trust, or at the termination thereof, render for settlement his accounts and report his acts as such trustee, before the superior court in which the will was probated." Section 1122 (Stats. 1931, ch. 281, p. 659) as then effective provided: "On the settlement of each such account the court shall allow the trustee his proper expenses and such compensation for services as the court may deem just and reasonable. Where there are several trustees it shall apportion the compensation among them according to the respective services rendered. It may, in its discretion, fix a yearly compensation for the trustee or trustees, to continue as long as the court may deem proper." Goddard's direction the trustee's fees were to be fixed by the court simply tracked the statute. Absent paragraph F, the trustee fees would have been allowed by the court in a reasonable amount. (Estate of Gump (1982) 128 Cal. App.3d 111, 116 [180 Cal. Rptr. 219].)

*343 IV
In 1980, section 1120 was amended to eliminate continuing court jurisdiction over testamentary trusts created by wills executed on or after July 1, 1977, unless the testator otherwise provided. The 1983 amendment adding subdivision (a) to section 1120 embraced testamentary trusts whenever created, thus giving retrospective effect to the 1980 amendment which addressed only post-July 1, 1977 trusts. Elimination of mandatory judicial supervision over testamentary trusts was intended to reduce court workload, enhance privacy for beneficiaries, and save the expense of attorney fees (Rep. to Assem. Com. on Judiciary, Assem. Bill No. 3612, Apr. 28, 1982; Rep. to Sen. Com. on Judiciary, Assem. Bill No. 3612 (1981-1982 Reg. Sess.)).
Section 1120.1a was amended effective June 28, 1983, implementing amended section 1120 and requiring testamentary trustees of pre-July 1, 1977, trusts to give notice by July 1, 1983, to beneficiaries of (1) elimination of the necessity for court supervision, (2) the right to petition for determination of important matters and for an accounting unless prohibited or limited by the terms of the trust, and (3) entitlement of beneficiaries upon demand to financial information. Annually, the trustee is required to furnish to income beneficiaries a statement of income and principal receipts and disbursements and a summary of information showing cost and value of trust assets, total present value of all assets, net income and "(5) ... Trustee compensation for the current fiscal year and the immediately preceding fiscal year of the trust."
The required trustee reports to beneficiaries include information customarily disclosed in accountings rendered by testamentary trustees to the courts. Elimination of mandatory court supervision is not in derogation of earlier requirements for trustee accounting of stewardship intended to inform as to trust transactions and to alert the court and the beneficiaries to possible trustee malfeasance. The new scheme simply eliminates the necessity for filing periodic accountings with the court. Jurisdiction to settle the accounts and to pass upon trustee activities and compensation may be triggered at any time by any beneficiary who may be alerted so to do by the required reports of trustee stewardship.

V
We thus view the phrase "unless the testator provides otherwise" as requiring more than the boilerplate incantation of paragraph F of the Goddard trust "[t]he Trustee shall receive reasonable compensation to be fixed by the Court for its services." The legislative policy leading to enactment of *344 the 1983 amendment to section 1120 and the detailed safeguards implicit in the reports required under amended section 1120.1a compel the conclusion testamentary provisions requiring continuing mandatory judicial supervision of testamentary trusts must be clear expressions of testamentary intent to that effect. Paragraph F fails that test.
The order (1) the trust is subject to the continuing jurisdiction of the superior court, and (2) the trustee is required to continue to render its accounts, is reversed.
Brown (Gerald), P.J., and Cologne, J., concurred.
NOTES
[1] All statutory references are to the Probate Code unless otherwise specified.